FILED
SUPERIOR COURT
OF GUAM

2018 FEB 20 PM 2:08

CLERK OF COURT

BY:

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| FRANKIE UKAU and SOFALIN SINUK, | CIVIL CASE NO.: CV0687-14 |
| PLAINTIFFS, | |
| vs. | **DECISION AND ORDER**<br>(re Plaintiffs' *ex parte* Motion for<br>Injunction and Restraining Order) |
| FUSHENG WANG, WEI PING WANG,<br>FUSHENG CONSTRUCTION COMPANY,<br>BRUCE KAROLLE, JENNIE WANG, and<br>ENTITY CONSTRUCTION, INC., | |
| DEFENDANTS. | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on February 15, 2018 on Frankie Ukau's and Sofalin Sinuk's ("Plaintiffs") *ex parte* Motion for Injunction and Restraining Order. The Plaintiffs appeared with counsel, Attorney Robert L. Keogh. The substance of the *ex parte* Motion only concerned Defendants Fushen Wang and Wei Ping Wang ("Defendants"). Attorney Delia S. Lujan Wolff appeared at the Hearing on the *ex parte* Motion on behalf of the Defendants. Upon review of the written and oral arguments and legal authorities, the Court hereby **DENIES** Plaintiffs' *ex parte* Motion for Injunction and Restraining Order.

/ / /

**ORIGINAL**

## BACKGROUND

The facts underlying the instant matter were previously laid out by the Court in a Decision and Order filed on August 23, 2017. However, the facts necessary to dispose of the instant matter are as follows. On February 2, 2018, the Parties attended mediation proceedings conducted by Inafa Maolek at the Remax Realty Office, which ended at about 1:00 p.m. Decl. of Frankie Ukau in Supp. Pls' *ex parte* Mot. Inj. and Restraining Order ¶ 2-3 (Feb. 6, 2018) (hereinafter "Ukau Decl."). Sometime after the mediation proceedings ended, the Plaintiff alleges that the Defendants, their daughter Min Wang, and an interpreter, "showed up" at the Plaintiff's residence in Tamuning. Id. at ¶ 3. The Plaintiffs further allege they did not know the Defendants were coming, and neither requested nor invited the Defendants to their home. Id.

The Defendants claim that after the mediation, they asked the Plaintiffs, specifically Mr. Ukau, whether they and their daughter could visit him at his residence. Decl. of Min Wang in Supp. Opp'n Pls' Mot. Inj. and Restraining Order ¶ 3 (Feb. 15, 2018) (hereinafter "Wang Decl."). The Defendants allege they brought fruits for the Defendants and their family. Id. at 4. Finally, the Defendants allege that they did not know which apartment the Plaintiffs lived in, and that Ms. Sofalin came out of the unit and waived the Defendants inside. Id. at ¶¶ 5-6. Mr. Ukau concedes, that "since they were there, we let them come into our home to be respectful." Ukau Decl. ¶ 4.

The Plaintiffs claim that the Defendants made statements such as "whatever you want let us know and we will give it to you," and "this should be between us, not the lawyers. You are the only ones who can decide." Id. Mr. Ukau claims Ms. Sofalin was confused, threatened, harassed, and offended by Defendants' visit. Id. at ¶ 5. The Plaintiffs allege they were asked by Defendants to provide their cell phone number, and refused. Id. at ¶ 6. Finally, the Plaintiffs allege that the Defendants said they would come back once a week to visit the Plaintiffs. Id. The Plaintiffs do not want any further contact with the Defendants. Id. at ¶ 7.

The Defendants state they asked to visit again and asked for a phone number but were told that the Plaintiffs did not have a phone. Wang Decl. ¶ 8. The Defendants further state that they prayed with the Plaintiffs before they left the residence. Id. at 9. Finally the Defendants state that no

threats were made while they were at the residence and that they never said they would visit the Plaintiffs once a week. Id. at 10-11.

The Court held a hearing on the Plaintiffs' *ex parte* Motion on February 15, 2018. At the hearing, in open court and on the record, the Court informed the Plaintiffs that they could contact the police and file a complaint for trespass or harassment if the Defendants continued to visit or contact them despite the Plaintiffs stating they did not want Defendants to visit them at their home or any other contact. The Court then took the matter under advisement at the close of the hearing.

## DISCUSSION

The Plaintiffs argue that "immediate and irreparable loss and damage will result if the Injunction or Restraining Order requested is not granted." Pls' *ex parte* Mot. Injunction and Restraining Order 2 (Feb. 6, 2018). The Defendants argue that for the extraordinary injunctive relief requested, the Plaintiffs have failed to show "they would suffer immediate and irreparable injury, loss, or damage in the absence of a TRO." Defs' Opp'n Pls' *ex parte* Mot. Injunction or Restraining Order 4 (Feb. 15, 2018). For the reasons set out herein, the Court finds the Plaintiffs have not met their burden of showing irreparable injury will occur without the injunctive relief they seek.

Rule 65 of the Guam Rules of Civil Procedure ("GRCP") provides *inter alia* "a temporary restraining order may be granted . . . if (1) it appears from specific facts shown by affidavit . . . that immediate and irreparable injury, loss, or damage will result to the applicant . . . ." Guam R. Civ. P. 65(b)(1) (2014). Rule 65 of the GRCP also governs the issuance of preliminary injunctions in civil actions. See Guam R. Civ. P. 65(a). The language used in GRCP 65 is substantially similar to the language used in Rule 65 of the Federal Rules of Civil Procedure ("FRCP"). See Guam R. Civ. P. 65; cf Fed. R. Civ. P. 65 (2016). Thus Federal cases interpreting Rule 65 of the FRCP are highly persuasive to this Court's interpretation and application of GRCP 65. See Sumitomo Constr. Co. v. Zhang Ye, Inc., 1997 Guam 8 ¶ 17 (reasoning "[g]enerally when a legislature adopts a statute which is identical or similar to one in effect in another jurisdiction, it is presumed that the adopting jurisdiction applies the construction placed on the statute by the originating jurisdiction"). Here the

Defendant has responded and objected to the request for a preliminary injunction, thus the Court will dispose of this matter as a request for a preliminary injunction and not a temporary restraining order.

With regard to the request for an injunction, the Supreme Court of Guam has reasoned a preliminary injunction is a "drastic remedy, which serves to maintain the status quo *ante litem . . .*," and further, the party seeking the injunction has the burden of proving "they are entitled to such an extraordinary remedy." Mack v. Davis, 2013 Guam 13 ¶ 12. In Guam, for a preliminary injunction to issue, "the movant must show, (1) irreparable injury, and (2) likelihood of success on the merits." Hong Kong and Shanghai Banking Corp., Ltd. v. Kallingal, 2005 Guam 13 ¶ 18 (citing Carlson v. Guam Telephone Authority, 2002 Guam 15 ¶ 8) (internal quotations omitted).

The Court finds the Plaintiffs have not met their burden of showing irreparable harm will occur without the injunctive relief they seek. There is no allegation of an outward and imminent threat of physical harm, or allegations which give rise to an imminent threat that only the injunctive relief requested can avoid. Further, the Plaintiffs' own moving papers demonstrate the alleged irreparable harm is speculative at best where Plaintiffs argue, "Plaintiffs request the assistance of the Court in issuing an Injunction and Restraining Order preventing any further contact by defendants which they could show to the police *in the event further contact does occur.*" Pls' *ex parte* Mot. Inj. and Restraining Order 4 (Feb. 6, 2018) (*emphasis added*).

An injunction, as discussed by the authorities above is a drastic remedy meant to address irreparable harm that will occur but for the issuance of an injunction. Here the Plaintiffs do not allege any harm that will absolutely occur should the Court decline to issue the injunction. The Plaintiffs only point to speculative harm that may occur. Thus the Court finds the Plaintiffs have not met their burden of showing irreparable harm. Finally, as noted at the hearing on the *ex parte* Motion, the Plaintiffs have the power to refuse entry to their apartment, or to call the police in the event they feel they are being harassed or to report criminal trespass, among other lawful actions.

With regard to the success on the merits element, the Court finds a preliminary injunction is not the proper remedy for the Plaintiffs. Therefore, this Court declines to address the success on the merits element because the underlying claims in this matter are for monetary damages and equitable

relief related to alleged fraudulent conveyances. <u>See</u> Compl. 13 (Jun. 27, 2014). This Court's power to grant injunctive relief, especially pre-adjudication to disposition on the merits relief under Rule 65, cannot be abused to give the Plaintiffs a shield from unwanted contact by the opposing party.

The Defendants are on notice that the Plaintiffs do not want them to visit their apartment and do not want further contact with the Defendants. Should the Defendants return or otherwise contact the Plaintiffs, the Plaintiffs may take either of the courses of action described above, or other lawful actions, none of which are dependent on this Court's grant or denial of an injunction. Thus the Court **DENIES** the Plaintiffs' *ex parte* Motion for Injunction and Restraining Order.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Plaintiffs' *ex parte* Motion for Injunction and Restraining Order.

A **Scheduling Conference** in this matter is set for **April 12, 2018** at **9:00 a.m.**

**SO ORDERED** FEB 2 0 2018 .

The Honorable Anita A. Sukola
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
R.Keogh, D.Lujan, Thompson
CVD, J.Maher
Date: 2/20/18 Time: 7:20 pm
Jerimie K.C. James
Deputy Clerk, Superior Court of Guam